**CSD 1159A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

Kristin Zilberstein, Esq. (SBN 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Kzilberstein@ghidottilaw.com

Order Entered on
January 7, 2019
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
Rafael Avelar-Santana

Debtor.

BANKRUPTCY NO. 16-04825-LT13

U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust, its successors and assigns

Movant(s)

RS NO. MRG-1

Rafael Avelar-Santana, Debtor and Thomas H. Billingslea, Trustee

Respondent(s)

Date of Hearing: 01/08/2019
Time of Hearing: 2:00PM
Name of Judge: Honorable Laura S. Taylor

## ORDER ON
Motion for Relief from Automatic Stay (Real Property)

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __2__ with exhibits, if any, for a total of __2__ pages, is granted.  Motion/Application Docket Entry No. __44__

//
//
//
//

DATED: January 7, 2019

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

The Law Offices of Michelle Ghidotti
(Firm name)

By: Kristin Zilberstein, Esq.
Attorney for ☑ Movant ☐ Respondent

CSD 1159A

CSD 1159A [11/15/04] **(Page 2)**
ORDER ON Motion for Relief from Automatic Stay (Real Property)
DEBTOR: Rafael Avelar-Santana

CASE NO: 16-04825-LT13
RS NO.: MRG-1

---

Secured Creditor U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust ("Movant"), by and through its attorney of record, The Law Offices of Michelle Ghidotti, by Kristin Zilberstein, Esq., and the Debtor Rafael Avelar-Santana, ( the "Debtor") by and through their attorney of record, Anika Renaud-Kim, Esq., enter into this Stipulation for an Order for Adequate Protection based on the following facts:

1. On or about February 2, 2006, Debtor and Irma Santana (the "Borrowers") executed and delivered to Wells Fargo Bank, N.A., a Note (the "Note"), with an original principal balance in the amount of $375,000.00.
2. Movant is the current owner of the Note and is in possession of the original Note.
3. The Note is secured by a Deed of Trust (the "Deed of Trust") of even date recorded in the Official Records encumbering Debtor's Property naming Wells Fargo Bank, N.A.,, as the beneficiary.  4. Thereafter all interests in the Deed of Trust were assigned to Movant.
4. Movant holds all rights, title, and interests in the Note and Deed of Trust.
5. Movant is in possession of the original Note.
6. On July 31, 2018 Movant filed a Motion for Relief from the Automatic Stay ("MFR"), indicating that the Debtors were due and owing for 4 post-petition payments for a total post-petition default of $7,371.08 including attorney fees and costs in the amount of $1,081.00.
7. Debtors are due and owing for the June 1, 2018 payment through December 1, 2018, for a total post-petition default in the amount of $12,088.64, including attorneys fees in the amount of $1,081.00.
8 Therefore, the parties stipulate as follows:

STIPULATION

A. The Debtors will make their January 1, 2019 payment and all payments going forward in the amount of $1,572.52 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the first day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered to the contrary.
B. In addition to maintaining their mortgage payments, the Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.
C. Debtors must cure the post-petition default in the amount of $12,088.64 over 12 months, by tendering monthly payments in the amount of $1,007.38 beginning January 15, 2019 and continuing on the 15th of each month thereafter until the post-petition default is cured in full.
D. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.
E. Upon any default in the terms and conditions set forth in paragraphs A through D of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtors' attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing.
F. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtors shall be entitled to a Maximum of Three (3) Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtors have defaulted three times on the obligations imposed by this order and has been served with three Notices of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.
G. Movant shall be entitled to charge a fee of $150.00 for any ten (10) day written notice required because of default.
H. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.
I. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.
J. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).
K. If relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.
L. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtors.

Approved as to Form and Content:

THE LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin Zilberstein
Kristin Zilberstein Esq.,
Attorney for Movant

1/7/19
Date

Bankruptcy Law Center

_(signature)_
Anika Renaud-Kim, Esq.
Attorney for Debtor Rafael Avelar-Santana

1-4-2019
Date

CSD 1159A

Signed by Judge Laura Stuart Taylor January 7, 2019